JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE: Debtor Allana Baroni | CASE NO. CV 23-6235-MWF<br><br>ORDER RE: APPEAL FROM BANKRUPTCY COURT'S MEMORANDUM DECISION |

Before the Court is an appeal from the United States Bankruptcy Court for the Central District of California (the Honorable Martin R. Barash, United States Bankruptcy Judge), Case No. 1:12-bk-10986-MB.

Appellant James Baroni, the non-debtor spouse of Debtor Allana Baroni, appeals the following three orders: (1) the Bankruptcy Court's Memorandum Decision, dated July 21, 2023 (the "Memorandum Decision" (ER 113–151)); (2) the Bankruptcy Court's Order granting Chapter 7 Trustee David Seror's (the "Trustee") motion to sell the Calabasas residential property located at 3339 Via Verde Court, Calabasas, CA (the "Calabasas Property"), dated July 27, 2023 (the "Sale Order" (ER 152–161)); and (3) the Bankruptcy Court's Order Denying Appellant's Motion to Compel Abandonment of the Calabasas Property, dated July 27, 2023 (the "Abandonment Order" (ER 162–164)).

1

Appellant filed his Opening Brief ("OB") on October 19, 2023. (Docket No. 27). Appellee Trustee filed his Answering Brief ("AB") on November 20, 2023. (Docket No. 32). Appellant filed his Reply Brief ("RB") on December 1, 2023. (Docket No. 35).

The Court read and considered the papers filed in this appeal and deemed the matter appropriate for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C) (noting that appeals may be decided without oral argument if the "facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument").

The Memorandum Decision, the Sale Order, and the Abandonment Order are all **AFFIRMED**. To the extent Appellant seeks the Court's review of the Sale Order and Abandonment Order, those arguments are moot under 11 U.S.C. § 363(m). With respect to the sole issue properly before the Court on appeal, the Bankruptcy Court did not err in determining that the Calabasas Property was community property and that any arguments to the contrary were barred by res judicata and the law-of-the-case doctrine.

## I.   BACKGROUND

This appeal arises out of a Chapter 13 bankruptcy petition filed by Debtor Allana Baroni ("Debtor") after defaulting on several mortgage loans for her real estate properties, including the Calabasas Property. Because the parties are familiar with the facts, as evidenced by the multiple appeals, the Court only recounts the facts necessary for this appeal.

On February 29, 2019, Debtor's Chapter 13 bankruptcy was converted to Chapter 11. (Appellee's Appendix ("AA") (Docket No. 32) 7–11). Debtor accordingly proposed several versions of a Chapter 11 plan, including the Second Amended Plan of Reorganization of Allana Baroni (the "Plan"). (AA 510–836). Ultimately, the Bankruptcy Court issued an Order Confirming Debtor's Second

Amended Statement and Plan of Reorganization of Allana Baroni (the "Plan Confirmation Order").  (AA 849–859).

On March 11, 2020, the Bankruptcy Court issued its Turnover Order, which determined that all of Debtor's properties, including the Calabasas Property, were community property and therefore properties of the Estate.  (ER 562–563).  Debtor – but not Appellant – appealed the Turnover Order, which was affirmed in its entirety by the Ninth Circuit in *In re Baroni*, 36 F.4th 958 (9th Cir. 2022).

On May 2, 2023, the Trustee filed a motion to sell the Calabasas Property (the "Sale Motion").  (Excerpts of Record ("ER") (Docket No. 13) 564–661).  Appellant opposed the Sale Motion and separately filed a motion to compel abandonment of the Calabasas Property (the "Abandonment Motion").  (ER 662–797, 957–1111).  In support of the Abandonment Motion, Appellant argued that he was a 50% joint tenant of the Calabasas Property and that he would therefore be entitled to the net proceeds of the sale if the Sale Motion were granted.  (ER 1185–1195).

On July 21, 2023, the Bankruptcy Court issued its Memorandum Decision granting the Sale Motion and denying the Abandonment Motion.  (ER 113–151).  In declining to address Appellant's arguments regarding disbursement of the sale proceeds under the assumption that he had a joint tenant interest in the Calabasas Property, the Bankruptcy Court determined that it was well-settled that the Calabasas Property was community property on two independent grounds.  (ER 120 n.9; *see also* ER 139).  First, the Bankruptcy Court determined that the Plan and the Plan Confirmation Order, both of which characterized the Calabasas Property as community property, were binding on Appellant because he had received actual notice of, but failed to object to, the Plan.  (ER 28).  Accordingly, the Bankruptcy Court concluded that any argument that Appellant is a joint tenant of the Calabasas Property was barred by res judicata.  Second, the Bankruptcy Court determined that the Turnover Order foreclosed Appellant's argument under the law-of-the-case doctrine.  (ER 32).

3

On July 27, 2023, the Bankruptcy Court issued the Sale Order, approving the Trustee's sale of the Calabasas residential property located at 3339 Via Verde Court, Calabasas, CA (the "Calabasas Property"). (ER 152–161). That same day, the Bankruptcy Court issued the Abandonment Order. (ER 162–164).

On August 1, 2023, Appellant sought a stay of the sale from the Bankruptcy Court, which was conditionally granted on August 11, 2023 (the "Stay Order"). (ER 107). One of the conditions of the Stay Order required Appellant to post a bond in the amount of $973,948, or the net proceeds from the sale of the Calabasas Property as calculated by the Bankruptcy Court. (ER 110; *see also* Docket No. 11). Appellant waited until August 15, 2023, to file a motion for reconsideration of the Stay Order, which the Bankruptcy Court denied on August 25, 2023. (ER 111–112). Appellant then waited until August 29, 2023, to file his Emergency Motion to Vacate the $973,948 Bond Requirement in the Stay Order, despite knowing that the Stay Order would be lifted if Appellant failed to pay the bond by August 31, 2023. (Docket Nos. 11, 12). The Court denied the Emergency Motion on August 31, 2023 (the "Emergency Order"). (Docket No. 19).

The Calabasas Property was sold on October 18, 2023. (*See* Addendum Excerpt of Records ("AER") (Docket No. 28) 42–48). Appellant now maintains that he is entitled to 50% of the net proceeds from that sale as the former joint tenant of the Calabasas Property. (OB 6).

## II.   ISSUES ON APPEAL

1. Are Appellant's arguments regarding the Sales Order and Abandonment Order moot?

2. Did the Bankruptcy Court err in declining to find that the Calabasas Property was held in joint tenancy?

## III.   STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a). When considering an appeal

4

from the bankruptcy court, a district court uses the same standard of review that a circuit would use in reviewing a decision of a district court. *See In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). A bankruptcy court's conclusions of law are reviewed de novo, and findings of fact are reviewed for clear error. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007).

Whether a prior judgment has a claim preclusive or issue preclusive effect is either a question of law or a mixed question of law and fact with the legal issues predominating. The Court therefore reviews the Memorandum Decision de novo, except to the extent it involved the Bankruptcy Court's interpretation of its own orders, which the Court reviews for abuse of discretion. *See Marciano v. Fahs (In re Marciano)*, 459 B.R. 27, 35 (9th Cir. BAP 2011) ("[A] bankruptcy court's interpretation of its own orders [is reviewed] for abuse of discretion."), *aff'd, sub. nom Marciano v. Chapnick (In re Marciano)*, 708 F.3d 1123 (9th Cir. 2013).

## IV. DISCUSSION

### A. The Appeal of the Sales Order and Abandonment Order is Moot.

To the extent Appellant seeks the Court's review of the Sale Order and Abandonment Order, those arguments are moot under 11 U.S.C. § 363(m). Section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). In other words, "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, LP (In re Filtercorp, Inc.)*, 163 F.3d 570, 576 (9th Cir. 1998).

5

Here, there is no dispute that the Calabasas Property was sold to a good-faith purchaser after the Bankruptcy Court lifted its Stay Order and the Court issued the Emergency Order. (*See* AER 42–48; ER 1740–1752)). And although Appellant appealed the Emergency Order to the Ninth Circuit, it was later dismissed for failure to prosecute after he failed to file an opening brief. (Docket Nos. 29, 39). Appellant does not appear to contest any of these points. (*See* RB 1).

Because there was no stay in place, the appeal with respect to the Sales Order and Abandonment Order is **DENIED** *as moot*.

### B. The Bankruptcy Court Did Not Err in Declining to Find that the Calabasas Property was Held in Joint Tenancy.

Appellant argues that he holds the Calabasas Property as a joint tenant and is therefore entitled to 50% of the net sale proceeds from the sale of the Calabasas Property pursuant to 11 U.S.C. § 363(j). (OB 36–43; RB at 1). The Court is unpersuaded by the hodgepodge of arguments raised by Appellant in his Opening Brief and even less impressed by his attempt to collaterally attack the Turnover Order (for which Debtor and her counsel were previously admonished in another appeal of the underlying bankruptcy action). *See In re Baroni*, No. 22-6867-MWF, 2022 WL 18277987, at *2 (C.D. Cal. Dec. 9, 2022).

***Res Judicata***: With respect to the Bankruptcy Court's application of res judicata, Appellant's arguments can be summarized in two main points. First, Appellant argues that the Plan "does not says [*sic*] Calabasas is community property." (OB 35). To the contrary, however, the Bankruptcy Court cited numerous examples in which the Plan implicitly and explicitly treated the Calabasas Property as community property. (ER 140). Notably, the Plan listed the full value of the Calabasas Property as available to a Chapter 7 trustee, which should have listed only 50% of the value if it were truly held as a joint tenancy. (*See* AA 26, 116, 149). The Plan also described Appellant's interest in the Calabasas Property as a "community property interest." (AA 568).

Second, Appellant argues that he is not bound by Debtor's actions vis-à-vis the Plan, but the Bankruptcy Court never made such a finding. Instead, the Bankruptcy Court determined that, upon confirmation, the Plan became binding on Appellant after he received actual notice of but failed to object to the Plan. (ER 28). Indeed, the record shows, and Appellant does not dispute, that he submitted three declarations stating that he had read the various versions of Debtor's Chapter 11 plans, which consistently described the Calabasas Property – the same property at issue in this appeal – as community property either implicitly or explicitly. (AA 497–498, 508–509, 838–839).

Notably, Appellant does not dispute that "[o]nce a bankruptcy plan is confirmed, it is binding on **all parties** and all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect." *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995) (citing 11 U.S.C. § 1141(a)) (emphasis added); *see also* 11 U.S.C. § 1141(a) ("[T]he provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan."). Nor does he dispute that he failed to appeal the Plan Confirmation Order that adopted the Plan's characterization of the Calabasas Property as community property.

Appellant's remaining arguments regarding the Bankruptcy Court's purported misapplication of res judicata were raised for the first time in the Reply Brief. (*See e.g.*, RB 4, 10–11, 15–17, 20–22). Accordingly, those arguments are waived. *See Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived." (internal quotation marks and citations omitted)).

***Law of the Case***: Even the application of res judicata were erroneous, the Memorandum Decision would still be justified by the Bankruptcy Court's reliance on the Turnover Order as the law of the case.

Under the law-of-the-case doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499–500 (9th Cir. 2012) (citation omitted). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Id.* A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal citation omitted).

Appellant contends that the Bankruptcy Court erred in determining that the Turnover Order was the law of the case because (1) the Turnover Order did not determine that the Calabasas Property was community property; (2) application of the Turnover Order as to Appellant would result in manifest injustice because he never had an opportunity to be heard on the issue; and (3) the Bankruptcy Court should have departed from the law of the case based on newly submitted evidence. All three arguments are meritless.

The Court can easily dispose of the first argument, which is flatly contradicted by the record. Here, the Turnover Order explicitly and unambiguously determined that "[t]he real property located at 3339 Via Verde Ct., Calabasas, California 91302 is property of the estate." (ER 563; *see also* ER 556 ("The Court finds that the Calabasas Property, the Camarillo Property (and rents derived therefrom) and the Carmel Property (and the rents derived therefrom) are property of the chapter 7 estate.")).

//

| | |
|---|---|
| 1 | Regarding Appellant's second argument, the Bankruptcy Court did not err in |
| 2 | finding that it would not be manifestly unjust to apply the Turnover Order to |
| 3 | Appellant.  Although Appellant may not have received notice of the Turnover |
| 4 | Motion or hearing, the Turnover Order flowed directly and unavoidably from |
| 5 | Debtor's representations in the Plan.  And, as already discussed, Appellant had |
| 6 | actual notice and an opportunity to object to the Plan prior to the issuance of the |
| 7 | Plan Confirmation Order.  There is also no dispute that Appellant's counsel was |
| 8 | served with the Turnover Order once it was issued.  (AA930–931).  Notably, |
| 9 | Appellant did not appeal the Turnover Order. |
| 10 | Moreover, as the Bankruptcy Court noted, Debtor consistently "treated the |
| 11 | Calabasas Property as community property when it was advantageous to do so." |
| 12 | (ER 146).  "It was only after conversion of the case in 2019 (and the Trustee |
| 13 | assuming control of property of the estate) that [] Debtor and [Appellant] began to |
| 14 | assert that they held the Calabasas Property as joint tenants, arguing that |
| 15 | [Appellant's] alleged 50% interest was beyond the reach of the Trustee."  (ER 146). |
| 16 | This finding is supported by the record based on the history of this action, as already |
| 17 | discussed above. |
| 18 | Finally, with respect to the third argument, Appellant argues that the |
| 19 | Bankruptcy Court should have departed from the law based on the new evidence he |
| 20 | submitted indicating that the Calabasas Property was held in joint tenancy.  (OB 43, |
| 21 | 47–50; RB 23–24).  But this argument misses the mark because a court has |
| 22 | discretion to depart from the law of the case where "the evidence **on remand** is |
| 23 | substantially different."  *Alexander*, 106 F.3d at 876 (emphasis added).  And, as the |
| 24 | Bankruptcy Court noted, there was no remand that allowed Appellant to provide |
| 25 | new, substantially different evidence since the Turnover Order was affirmed in its |
| 26 | entirety.  (ER 34 n.17).  *See In re Baroni*, 36 F.4th at 973. |
| 27 | // |
| 28 | // |

## V. CONCLUSION

The Memorandum Decision is **AFFIRMED**.

IT IS SO ORDERED.

DATED: March 25, 2024.

                                            MICHAEL W. FITZGERALD
                                            United States District Judge

cc: United States Bankruptcy Court